**MAILED**

2/20/25

NO. 15-24-00067-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

FEB 2 6 2025

CHRISTOPHER A. PRINE
CLERK

| | | |
|---|---|---|
| JAMES BRICKLEY, Appellant, | § | IN THE FIFTEENTH |
| v. | § | COURT OF APPEALS |
| CORRECTIONS OFFICER WAGNER, ET AL, Appellees | § | AUSTIN, TEXAS |
| | § | |

---

## APPELLANT'S MOTION FOR EN BANC RECONSIDERATION

Appellant, James Brickley, asks the Court to grant this motion to reconsider the case en banc.

### A. INTRODUCTION

1. Appellant is James Brickley; Appellees are staff at the prison where appellant is held, at the time of the complained of incident, known as: Correction Officers Wagner, Polite, Sgt. Hartley, Sgt. Kleypas, and Warden Martinez.

2. A panel of the Court issued the judgment and opinion in this case on February 6,2025. A copy of the opinion is not attached due to the fact that Appellant has not recieved it, and only learned of the order by reviewing LEXIS on line law library.

3. The panel that rendered the judgment in this case consisted of Chief Justice Brister and Justices Field and Farris.

### B. ARGUMENT & AUTHORITIES

4. The Court has the authority to grant this motion and submit the case to the full court, sitting en banc. Tex.R.App.49.7;see Tex.R.App.41.2

5. The primary issue in the appeal was the dismissal of the case with no stated reason. This Court resolved the issue by holding that appellant, on appeal, did not comply with Chapter 14 because

1

he failed to file the documents required by Section 14.004. This Court afforded Brickley the opportunity to cure these defective f filings- which he failed to seize. Therefore, we dismiss this appeal on our own motion for failure to comply with Section 14.004 of the Texas Civil Practice and Remedies Code.

6. The issue in this case presents an extraordinary circumstance that resolution of this issue by the Court en banc is necessary. See Tex.R.App.P.41.2(c), 49.7. On December 03,2024 Appellant, Brickley recieved this Courts letter dated Friday, November 22,2024 (EXHIBIT 1) affording Brickley an opprotunity to comply with Sections 14.004 and 14.005 of the Texas Civil Practice and Remedies Code. On the same day Brickley replied to this Court in his Response to the Court of Appeal's Letter to Consider Dismissal of the Appeal. (EXHIBIT 2). Which explain to this Court the diligence on his part to secure the documents requested, alleging the interference by TDCJ staff in retaliation of the suit filed. It was also declared that Brickley did in fact comply with the TDCJ policy for submission of the Inmate 6-Month Statement and accompanying affidavit to be sent to the lower court, however since then a new attempt to comply has been made to have the statement and affidavit sent to this Court. If it has not made it to this Court, again it is beyond Brickley's control despite his intent. Tt should be noted by this Court that a seperate suit was filed against a TDCJ staff member for intentionally withholding Brickley's legal mail, which is going through similar difficulties. Issues such as documents not reaching there destinations, the local Sheriff's Department refusing to serve parties, and the court finally allowing service of citation, but only upon certified mail to the Unit Law Librarian.

(Exhibit 3)(Motion For Substitute Order in the refernced case with accompanying Order)(Exhibit 4)(Petition to the 440th Judicial District Court). It is also important to note that Brickley did not pursue an indigent status in this case due to financial help from outside sources after the premature dismissal of his previous suit was dismissed under Texas Civil Practice and Remedies Code Chapter 14, without a stated reason by the lower court.

These reasons listed show that Brickley has been diligent in his attempt to comply with the Rules of the Court and this Courts gracious offer to allow compliance, but for the interference by TDCJ staff and agents, Brickley can not comply. First,where Brickley complied with policy to submit the request of a 6-month statement to be sent along with an accompanying affidavit to the Court- for the second time- the required documents were in the Unit law librarian's possession with a stamped and addressed envelope to be sent to this Court and previously to the 440th Judicial District Court. Additionally a copy of the Affidavit which complies with Section 14.004 was made apart of the Clerk's Original Record PP. 19-22. (Exhibit 5)(Selected pages from the Clerk's Record in this case). And since this suit was appealed immediately after the case was dismissed, there was no suit filed between the dismissal and the appeal, the Affidavit required in this suit was not required to be changed, therefore no material changes would have been required by this Court.

In Brickley's first issue on appeal, he complained of interference with his legal mail which is apparently still an issue due to this Court not recieving the second attempt to send the 6-month statement and accompanying affidavit. An interference of sorts

3

which renders this judicial process unfair.

## C. CONCLUSION

7. Where Brickley has complied in part and failed to comply only due to the actions of another party, the opposing party, this request for en banc reconsideration should be granted for the extraordinary reasons as stated above in compliance with the Texas Rules of Appellate Procedure. As shown in the exhibits and requested several times previously, without action taken by the courts interference will continue to prevent myself and other inmates with meritorious causes to be heard by the courts in violation of the First Amendments Access to Courts requirment.

## D. PRAYER

8. For these reasons Appellant prays this Court Grant this motion to reconsider the case en banc.

Respectfully submitted,

_8 Feb 2025_

JAMES BRICKLEY
3201 FM 929
GATESVILLE, TEXAS 76597

## CERTIFICATE OF SERVICE

I certify that on February 10,2025, I gave instruction to my agent to copy and send the same to the parties listed below this document and those attached, with proper postage applied .

Executed on _Feb 20,_ 2025 by agent for James Brickley.

Parties served:

Hon. Grant Kinsey
Care of the 440th District Court Clerk
P.O. Box 4
Gatesville, TX 76528

Warden Martinez: Sgt. Hartley; Sgt. Kleypas; Correction Officers
Wagner; Bailey, and Polite
3201 FM 929
Gatesville, TX 76597

_James Brickley_ 8Feb2025
JAMES BRICKLEY
3201 FM 929
Gatesville, TX 76597


x _Julia Blackmon_
Julia Blackmon
Acting Agent

EXHIBIT 1

Chief Justice
SCOTT BRISTER

Justices
SCOTT FIELD
APRIL FARRIS

Clerk
CHRISTOPHER A. PRINE



# Fifteenth Court of Appeals

P.O. Box 12852, AUSTIN, TEXAS 78711
www.txcourts.gov/15thcoa.aspx/
512-463-1610

Friday, November 22, 2024

James Brickley
#2289486
Alfred D. Hughes Unit
3201 FM 929
Gatesville, TX 76597

RE:  Court of Appeals Number:    15-24-00067-CV
     Trial Court Case Number:    DC-23-55279

Style:  James Brickley
        v. Correction Officers Wagner, Bailey, Polite, Sgt. Hartley, Sgt. Kleypas, and Warden
        Martinez

Dear Mr. Brickley:

The court will consider dismissal of the appeal on its own motion for failure to comply with Sections 14.004 and 14.005 of the Texas Civil Practice and Remedies Code unless any party files a response on or before December 13, 2024, showing meritorious grounds for continuing the appeal. *See Sporn v. Marcantonio*, No. 11-22-00044-CV, 2023 WL 5109777, at*3 (Tex. App.—Eastland, Aug. 10, 2023, no pet. h.) (mem. op.); *see also Douglas v. Moffett*, 418 S.W.3d 336, 340–41 (Tex. App.—Houston [14th Dist.] Dec. 3, 2013, no pet.).

Sincerely,

Christopher A. Prine, Clerk

cc:  Sgt. Hartley
     Correction Officer Wagner
     Correction Officer Bailey
     Warden Martinez
     Correction Officer Polite
     Sgt. Kleypas

EXHIBIT 2

NO. 15-24-00067-CV

| | | |
|---|---|---|
| JAMES BRICKLEY, Appellant, | § | IN THE FIFTEENTH |
| v. | § | COURT OF APPEALS |
| CORRECTION OFFICER WAGNER, et al, Appellees | § § | AUSTIN, TEXAS |

## RESPONSE TO THE COURT OF APPEALS' LETTER TO CONSIDER DISMISSAL OF THE APPEAL

APPELLANT, JAMES BRICKLEY, OBJECTS to this Courts motion to dismiss the appeal for failure to comply with Sections 14.004 and 14.005 for good cause.

### INTRODUCTION

1. Appellant, is James Brickley; Appellees are Correction Officers Wagner, Bailey, Polite, Sgt. Hartley, Sgt. Kleypas, and Warden Martinez.

2. There are no attorneys of record for either party.

3. Appellant has filed an appeal from the 440th Judicial District Court, which was transfered from the 10th Court of Appeals to the Fifteenth Court of Appeals on July 31, 2024.

4. On December 03, 2024, Appellant, Brickley recieved this Court's letter of intent to consider dismissal of appeal on it's own motion for failure to comply with Sections 14.004 and 14.005 of the Texas Civil Practice and Remedies Code unless any party files a response on or before December 13, 2024, showing meritorious grounds for continuing the appeal; eleven days after it was sent.

### ARGUMENT & AUTHORITIES

5. Upon filing the civil suit Appellant, Brickley, submitted a St Statement of Inability to Afford Payment of Court Costs along with

1

an affidavit in support of the statement, in anticipation of the Unit Law Librarian to provide an Inmate 6-monthStatement. A copy was submitted in an envelope to the law librarian as well as sent directly to the lower court on December 10,2024. (C.R. pp 32-33)

However, the original affidavit of inability to Afford Court Costs was never made apart of the Clerk's Record despite several requests to the clerk. On the other hand, the Statement of Inability to Afford Payment of Court Costs or an Appeal Bond was made apart of the record (C.R. pp 35-36) along with a letter to the Clerk of the 440th District Court (C.R.P 37) which would satisfy the require-
ments of Texas Civil Practice and Remedies Code 14.004. A right
which carries over pursuant to Texas Rule of Appellate Procedure 20.1 (b). "A party who filed a Statement of Inability to Afford Payment of Court Costs in the trial courtsis not required to pay costs in the appellate court unless the trial court overruled the parties claim of indigence in an order that complies with Texas Rule of Civil Procedure 145..." TRAP 20.1 (b)(1). Here the state-
ment was filed and made part of the record. No ruling was made on appellant's indigent status. "To establish the right to proceed without payment of costs under (1), a party must communicate to the appellate court clerk in writing that the party is presumed indigent under this rule. In an appeal under Section two of these rules, the applicability of the presumption should be stated in the notice of appeal and in the docketing statement." TRAP 20.1 (b)(2). Requirements of which were satisfied by appellant. (C.R. p 34)(Appellant's Notice That He Is Indigent),and (C.R. pp 9-10)( Docketing Statement).

However, providing an Inmates 6-Month Statement to the court was

2

appellant's control, because appellant never had access to the statement and must rely upon the Unit Law Librarian to submit for the inmate. Whether the law librarian did submit the statement as appellant requested or not, it is beyond appellant's ability to prove to the Court. However, the Court should consider theseveral requests for the clerk to submit supplemental records; the abnormal records submitted by the clerk of the lower court; the complaints made against TDCJ employees for denying and withholding his legal mail(C.R. pp 59-6%): and the subsequent lawsuit against the TDCJ mailroom employee, Codi Mitchell, for denying legal mail in the 440th Judicial District Court styled: JAMES BRICKLEY v. C. MITCHELL Case Number DC-24-55952. In considering these factors the Court would find overwhelming evidence that these documents were filed, but for the actions of the appellees' and their agents, are not apart of the record.

6. Where the Court would consider dismissal of this appeal pursuant to Texas Civil Practice and Remedies Code 14.005, this Court should look to the record (C.R. pp 45-46)(Appellan's Declaration Relating to Grievance System Claim- declaring under penalty of perjury, made on December 10,2023; before the notice of appeal was filed; However, the declaration was supplemental and the original was left with the Unit Law Librarian to be submitted to the Court with the Inmate's 6-Month Statement; also a claim of all conditions precedent for relief have been performed or have occured.

7. Additionally, before the Court should consider dismissing the case under Texas Civil Practice and Remedies Code Chapter 14, the Court should address Appellant's first issue of appeal stating, A Appellees interference with Appellant's incoming and outgoing mail

3

has rendered structural error in the proceedings, resulting in improper judgment of the case. Attached to the Appellant Brief is prima facie proof of the allegation and supersedes any possible clerical error or technicality that could be assumed by the record.

## CONCLUSION

8. The Court should first consider Appellant's structural error claim before considering a technicality in the current proceeding which appellant overcomes by way of previous claims of indigence and previous documents filed in the lower court. However, if these documents, as hard as they are to find, due to the irregular Clerks record, are not enough to satisfy the hurdle set by this Court, appellant requests that this Court give him an opportunity to satisfy the same.

## PRAYER

9. Wherefore premises considered, Appellant, James Brickley, moves this Court to consider the appeal on its merits after considering the arguments and citation of the record herein.

Respectfully submitted,

03 Dec 2024

JAMES BRICKLEY
3201 FM 929
Gatesville, Texas 76957

## CERTIFICATE OF SERVICE

I certify that on 03 December 2024, I served a copy of the Appellant's Response To The Court Of Appeals' Letter To Consider Dismissal Of The Appeal, on the parties listed below by Inmate Mail with proper postage applied.

4

Parties served:


Hon. Grant Kinsey
Care of the 440th District Court Clerk
P.O. Box 4
Gatesville, Texas 76528


Warden Martinez; Sgt. Hartley; Sgt. Kleypas; Corrections Officers
Wagner; Bailey; and Polite
3201 FM 929
Gatesville, Texas 76597

JAMES BRICKLEY
3201 FM 929
Gatesville, Texas 76597

5

EXHIBIT 3

CAUSE NO. DC-24-55952

| JAMES BRICKLEY, | § | IN THE DISTRICT COURT |
| Plaintiff | | |
| | § | |
| v. | | CORYELL COUNTY, TEXAS |
| | § | |
| C. MITCHELL, | | |
| Defendant | § | 440th JUDICIAL DISTRICT |

## ORDER ON PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE

After considering plaintiff, James Brickley's Motion For Substitute Service and the supporting affidavit, the Court finds that plaintiff's attempts to locate and serve defendant, Codi Mitchell, have been unsuccessful despite plaintiff's due diligence and that the substitute service requested in plaintiff's motion will be reasonably effective to give defendant notice of the suit.

Therefore, the Court GRANTS the motion and authorizes substitute service on defendant by:

( ) Publication; or

(✓) by certified mail to the Unit's law library with instruction to serve defendant.

SIGNED on Jan. 21 2025.

PRESIDING JUDGE

Filed
CORYELL COUNTY
2:15 o'clock pm

JAN 22 2025

DISTRICT CLERK

CAUSE NO. DC-24-55952

| | | | |
|---|---|---|---|
| JAMES BRICKLEY,<br>Plaintiff | Filed<br>CORYELL COUNTY<br>2:50 o'clock PM<br>NOV 19 2024<br>Ruby Moore<br>DISTRICT CLERK | § | IN THE DISTRICT COURT OF |
| | | § | |
| v. | | | CORYELL COUNTY, TEXAS |
| | | § | |
| C.MITCHELL,<br>Defendant | | § | 440th JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE

Plaintiff, James Brickley, asks the Court to authorize substitute service on defendant, C.Mitchell; A.K.A. Codi Mitchell.

### INTRODUCTION

1. Plaintiff, James Brickley, sued defendant, Codi Mitchell, for theft, violation of inmate's civil rights, and preventing civil process.

2. This case is against an employee of TDCJ, brought by an inmate in the facility.

### BACKGROUND

3. Plaintiff has been unable to serve defendant by mail or personal delivery because:

A. On the first attempt to have defendant served, the Coryell County Sheriff's Depart.Scott A. Williams returned the citation unserved, requiring additional information. Deputy Edward Meza remarked that the defendant "works at TDCJ we cannot serve employees at TDCJ or on TDCJ property. No personal identifiers provided. Cannot locate to serve." on July 3,2024.

B. TDCJ does not provide any information to inmates in regards to employees regardless of policy, claiming security risks. Aside from defendant's full name, plaintiff has been unable to ascertain any other personel information to have defendant

1

served, despite due diligence, by attempting to, but unsuccessfuly hiring a private investigator who will take any case against TDCJ or it's empployees. Similarly, plaintiff has also been unsuccessful in finding an attorney to accept the case for the same reasons.

## ARGUMENT & AUTHORITIES

4. Because plaintiff has not been able to serve defendant, plaintiff asks the Court to authorize plaintiff to serve defendant by having a copy of the citation sent to the Unit Law Librarian, who is authorized to serve citations by law, and is a person over the age of sixteen, by the Clerk of this Court. Tex.R.Civ.P. 106.

In the alternative that the Court does not allow service via certified mail from the Clerk of this Court to the defendant, by way of the Law Library at the Alfre D. Hughes Unit- 3201 FM 929- Gatesville, Texas 76579. Then plaintiff asks the Court to order service by publication in the Coryell County news paper-pursuant to Tex.R.Civ.P.109,116.

## CONCLUSION

5. Where the Coryell County Sheriff's Department has authorization to serve anywhere within there county's jurisdiction, but claims they cannot serve a TDCJ employee at TDCJ inside their county of jurisdiction; and this Court has denied plaintiff's motion to compel service on 31October2024, plaintiff requests this Court to allow service in an alternative method allowed by law. By either allowing service by certified mail to the unit's law librarian, in order to forward to the defendant, or to allow service by publication by the Court Clerk, in accordance with the law.

## PRAYER

6. For these reasons, plaintiff asks the Court to authorize subst-

2

itute service.

Respectfuly submitted,

5 Nov 2024

JAMES BRICKLEY
3201 FM 929
GATESVILLE, TEXAS 76597

EXHIBIT 4

NO. DC-24-55952

| | | |
|---|---|---|
| JAMES BRICKLEY,<br>　　Plaintiff | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | OF CORYELL COUNTY, TEXAS |
| | § | |
| C. MITCHELL,<br>　　Defendant | § | 440th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.3 and affirmitively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because plaintiff requests injunctive relief and monetary relief under the amount of $100,000.00.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief not to exceed $100,000.00 as well as injunctive relief including permanent relief and temporary relief.

### PARTIES

3. Plaintiff, James Brickley, ID NO. 2289486 is an inmate at the Alfred D. Hughes Unit in Coryell County located at 3201 FM 929 Gatesville, Texas 76597.

4. Defendant, known as C. Mitchell is an employee of the Texas Department of Criminal Justice at the Alfred D. Hughes Unit located at 3201 FM 929, Gatesville, Texas 76597, and may be served for process at this address. C. Mitchell is the mail room supervisor and is sued in her individual capacity for

Filed
CORYELL COUNTY
10:12 o'clock AM

JUN 25 2024

Becky Moore
DISTRICT CLERK

1

acts violative of TDCJ policy and may not claim sovereign immunity.

## JURISDICTION

5. This Court has jurisdiction to hear this case because the complained of actions happened in the geographic boundaries of this Court and are within the subject matter jurisdiction of this Court.

## FACTS

6. On January 11,2024, inmate, James Brickley was called to the mail room and given a denial form for two letters addressed from the Clerk of the 440th District Court. When asked, Ms. C. Mitchell, the mail room supervisor, claimed that the court did not send Brickley the mail, contrary to the sender's return address and without inspecting the contents of the envelope; and that was the reason for the denial of the correspondences. Brickley requested that Ms. Mitchell open the documents in front of him to verify to her that the documents were legal, She replied that she could not because they were legal documents.(See exhibit A- grievance of the Jan.11th refusal with attached Denial Form and grievance instruction sheet) On January 16,2024, Brickley was called to the mail room again for a denial of mail. This time it was sent from the Tenth Court of Appeals in Waco. When pulling the slip, Ms. Bragg showed Brickley the mail was opened and that it was legal documents inside. When asked to recieve the mail, Ms. Bragg seemed confused and had Ms. Mitchell handle the denial instead. Ms. Mitchell informed Brickley that he would not recieve the legal mail because she didn't believe that the court sent the

2

documents. Brickley asked Warden Miller to intervene, showing him the denial of legal mail form. Warden Miller instructed Brickley to talk to the law librarian, Ms. Wright, and have her tell Ms. Mitchell to give him the legal mail. However, an inmate has no authority to do such a thing, and Ms. Wright rightfully refused. Brickley grieved the second denial of legal mail.(See Exhibit B- grievance of the January 16,2024 refusal with attached Denial form and grievance instruction sheet).

Both grievances were returned unprocessed with a check next to; "the issue is not grievable". Brickley immediately filed the step-2 grievances on each incident, hoping Huntsville's head office would intervene.However, they were returned un-processed with a highlighted section claiming that there are "matters for which other appeal mechanisms exist.''"

During the course of this time, Brickley's active case was dismissed at the District Court, and the Tenth Court of Appeals nearly dismissed the case for want of prosecution, because Brickley had not filed his appeallate Brief. Brickley then complained to the Court of Appeals that he had not yet reciev-ed the clerk's record needed for the brief. It was at that point Brickley realized that his legal mail was also not making it out to the courts or to his attorney on a seperate legal issue dealing with his criminal case.It was after the Court of Appeals ordered the clerk to submit the clerk record to Brickley, as well as supplemental clerk's records, did he see that documents were missing from the record he submitted. Brickley also contacted his criminal attorney who had informed

3

him that they had not recieved his last four letters in the past five months. Brickley made several inquiries and grieved that particular issue as well, however the grievances were never processed or returned, nor were the I-60 requests , except one.(See Exhibit C- I-60 Request Form complaining of legal mail not going out) Even after replying to the I-60 response, Brickley never recieved any other answers. Brickley awaited the answer to the appeal in order to exhaust all remedies, however he never recieved an answer from the Director's Review Committee(D.R.C.) within the allotted time per TDCJ policy. On April 29,2024, Brickley filed a subsequent grievance due to the time lapsed and the D.R.C. decision was no longer warranted. (See Exhibit D- grievance with attached returned instruction sheet with note) The note attached to the instruction sheet stated that Brickley would recieve an answer back from the D.R.C.. The grievance was unprocessed. Brickley submit yet another I-60 request requesting the status of the D.R.C. decision. On May 15,2024, Brickley recieved a photocopy of the answered I-60, omitting the date he submitted the request.(See Exhibit E- I-60 requesting status of appeal) The request was recieved nearly a month after it was submitted. Brickley then filed a grievance on the decision by the M.S.C.P. to uphold the denial of his legal mail and the fact that his legal mail was not going out.(See Exhibit F- Grievance and attached instruction sheet) The instruction sheet had a note on it that the grievance process was the appeal to the D.R.C. which had already taken place, and the issue was not grievable. Brickley filed a step-2 to exhaust all remedies.

4

Brickley has suffered the loss of a suit as a result of the tampering with his mail by the mail room clerk and the decisions made to deny him his legal mail in or out. The loss has caused undue and extreme mental and emotional stress, and further subjects him to the cruel and unusual punishment mentioned in his underlying case complaining of physical and emotional assaults, intimidation, and oppression of other related rights., including the theft of his legal work from his cell and in the hands of the mailroom.

COUNT 1: VIOLATION OF INMATE'S CIVIL RIGHTS

7. The following provisions hold defendant liable under Texas Penal Code §39.04:

   a. Defendant, known as C. Mitchell is, and at all times ~: pertinent to the suit was,an employee of TDCJ, a correctional facility;

   b. defendant denied plaintiff, Brickley, who is an inmate at TDCJ, several of his rights and exercise of those rights, knowing her conduct was unlawful by:

      I. preventing his right to correspond with the outside world and his freedom of speech afforded under the First Amendment;

      II. preventing his right to access to the courts by denying him his correspondences between the courts, his attorney, and himself, and

      III. subjecting him to further cruel and unusual punishment by retaliating against him for a previous suit against named corrections officers for assault and retaliation.

   c. Defendant knew her actions were unlawful because she is

5

or should be trained in the mailroom and must adhere to TDCJ mail room policies, which strictly prohibits the denial of inmates legal mail unless there is a valid and plausible security reason to do so. Defendant must also know that her actions as a trained mailroom clerk are illegal and prohibited by Texas Penal Code §38.16-Preventing Execution of a Civil Process; §31.03-Theft of Property; §31.20- Mail Theft; and §39.02 Abuse of Official Capacity. All of which are laws a mailroom worker are trained on avoiding.

COUNT 2: PREVENTING EXECUTION OF CIVIL PROCESS

8. Defendant, Ms. Mitchell is liable for damages under the provisions of Texas Penal Code §38.16-Preventing Executiion of Civil Process because:

a. Ms. Mitchell committed an offense against plaintiff by intentionally and knowingly depriving Brickley his legal correspondences with knowledge of the ongoing suit, by fraudulently misapplying TDCJ policy.

I. Ms. Mitchell's intent is shown by the deliberate misapplication of the policy with out any logical connection of her allegations that the courts did not send the correspondence.

II. Fraud is assumed when Defendant gave no reason to believe the mail was not sent by the noted sender in the return address, and considering her knowledge of the underlying suit against her co-workers.

COUNT 3: ABUSE OF OFFICIAL CAPACIT!

9. Defendant, Ms. Mitchell is liable for damages pusuant to the

6

provisions of Texas Penal Code §39.02(a)(1) because:

a. Defendant is a public servant who intentionally defrauded plaintiff by misapplying policy to prevent him access to the courts.

b. Defendant violated multiple laws relating to the public servants office as a mailroom clerk, to include:

I. mail theft(Tx.Pen.Code§31.20);

II. theft (Tx.Pen.Code§31.03);

III. preventing execution of a civil process (§38.16); and

IV. violation of inmate's civil rights (Tx.Pen.Code§39.04).

## COUNT 4: THEFT

10. Defendant is liable for theft under the following provisions: Tx.Pen.Code §31.03

a. Defendant unlawfully deprivedplaintiff of his legal mail by fraudulently misapplying the mail policy.

b. Plaintiff did not give consent to defendant to deprive him of his mail.

c. It is assumed defendant intentionally participated in the theft of plaintiff's legal mail on more than one occasion, and failed to follow mail room policies because of the repeated acts.

d. Defendant intended to deprive plaintiff of the mail. Tx.Pen.Code §31.20

a.Plaintiff is a disabled person.

b. Defendant intentionally appropriated the mail with intent to deprive the address of the mail without consent.

## HARM

11. The theft of Brickley's mail has caused a delay in the appeal

7

of his criminal conviction, ultimately causing undue distress and mental and emotional harm, where he proclaims his innocence.

12. The unlawful interference with Brickley's access to the courts and denial of his legal mail has directly caused Brickley to lose his suit against TDCJ staff for assault and retaliations against him, causing severe emotional and mental distress and further cruel and unusual punishment and retaliation.

## DAMAGES

13. Plaintiff seeks actual damages in the amount equal to the price of the documents taken from Brickley by the defendant in an amount determined by a jury.

14. Plaintiff seeks additional damages in the amount not to exceed $1,000.00 authorized by The Texas Civil Practices and Remedies Code §134.005.

15. Plaintiff seeks exeplary damages as a result of the malice intent and fraud pursuant to Texas Civil Practices and Remedies Code §41.003(a) due to the intentional reoccurences of the same actions by the defendant and her accomplices.

## JURY DEMAND

16. plaintiff demands trial by jury and tenders the jury fee.

## CONDITIONS PRECEDENT

17. All conditions precedent have been performed prior to the suit.

## REQUEST FOR DISCLOSURE

18. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose within 50 days of service of this request, the information described in Rule 194.2, specifically defendants true name, and any other persons liable to the

8

acts described herein.

19. Plaintiff reserves the right to amend this petition prior to or after response from defendant.

## INJUNCTIVE RELIEF

20. Plaintiff requires the retention of all documents relating to the denial of Brickley's mail, and all documents(I-60's) that relate to the status of such denial, appeal, or other inquiries associated to the denial of plaintiff's legal mail or unsent mail mentioned above.

## TEMPORARY RESTRAINING ORDER

21. Plaintiff requests a temporary restraining order enjoining defendant and all associates from tampering with or withholding plaintiff's mail and legal mail. Plaintiff also requests a restraining order to enjoin the above mentioned to refrain from retaliating against Brickley in any manner.

## PRAYER

22. For these reasons, Plaintiff asks that the Court issue a citation for Defendant to appear and answer, and the plaintiff be awarded a judgment against defendant for the following:

    a. Actual damages as described above to the equal amount of the legal documents denied, or in the alternative;

    b. Equitable relief in the form of returning the legal documents withheld and the cost of the amount to re-file any documents needed;

    c. Court costs; and

    d. other relief which this Court deems Plaintiff so entitled to include exemplarary damages.

9

e. any relief entitled as determined at trial.

Respectfully submitted,

JAMES BRICKLEY
Petitioner-pro se
3201 FM 929
Gatesville, Texas 76597

EXHIBIT A

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## CORRESPONDENCE / CONTRABAND DENIAL FORM

NAME _____ TDCJ-CID# _____ HOUSING _____

UNIT _____ DATE CORRESPONDENCE RECEIVED _____ DATE OFFENDER NOTIFIED _____

CORRESPONDENCE: ☐ TO  OR  ☐ FROM

_____

_____

_____

| | |
|---|---|
| 1st Attempt: | /    / |
| 2nd Attempt: | /    / |
| 3rd Attempt: | /    / |

The above correspondence has been denied to you in accordance with BP-03.91, Uniform Offender Correspondence Rules

DENIED: _____

_____

_____

RECEIVED: _____

APPEAL: Should persons outside the institution desire to appeal, submit a written appeal to the Director's Review Committee, PO Box 99, Huntsville, TX 77342-0099. The appeal must reach the DRC WITHIN TWO (2) WEEKS of the notification date listed above.

Does offender wish to appeal the decision? ☐ Yes  ☐ No        DRC Non-Appealable List ☐
(Offender cannot appeal)

DISPOSITION IS ALLOWED AND MUST BE CHECKED AT THE TIME OF DENIAL, UNLESS SECURITY CONCERNS MANDATE OFFENDER NOT BE GIVEN A CHOICE OF DISPOSITION (BOARD POLICY 03.91):

☐  No Disposition Allowed

☐  Destroy

☐  Send to the following person at the offender's expense: _____

Name & Address

_____

_____

IF DISPOSITION IS NOT EXECUTED OR LITIGATION/ GRIEVANCE PROCESS HAS NOT BEGUN WITHIN SIXTY (60) DAYS OF THE INITIAL DENIAL OR FROM THE DRC DECISION DATE (IF APPEALED), THE ITEM(S) WILL BE DESTROYED.

_____ _____        _____ _____
Employee Signature         Date               Offender Signature         Date

UNIT DISPOSITION:  MAILED ☐    DESTROYED ☐    FILED ☐    _____
                                                          Date          Employee Signature

☐ DRC APPROVED, RETURNED TO OFFENDER _____
                                      Offender Signature          Date

DISTRIBUTION:
Original - Send to the DRC IF THE OFFENDER WISHES TO APPEAL. If not, keep on unit.
Yellow  - Offender Copy

I-153 (Rev. 09/18)



# Texas Department of Criminal Justice

# STEP 1
## INMATE
## GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Inmate: _____

Inmate Name: James Brockley            TDCJ # 2287426

Unit: Hughes            Housing Assignment: 13  5-75

Unit where incident occurred: Hughes Unit

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Major Avageles            When? 1-11-2024

What was their response? "There is nothing we can do."

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

On January 11 2024 I went to the mail room for a "Questionable Correspondence", however when I arrived the mailroom worker Ms. Mitchell told me she was denying my legal mail from the 440th District Court because she believed someone else sent the mail and used the courts address. She claimed to speak to the Clerk of the Court who denied ever sending any documents to me. However, I had my family contact the Clerk who said she never received a call from TDCJ nor did any of her office mates.

I have an open case in the 440th District Court and Ms. Mitchell admitted she has denied the mail. When asked for a supervisor, she said she is the mailroom supervisor and Ms. Coulston was fired or no longer works for TDCJ.

I asked Major Avagels for help resolving the issue. He responded "there is nothing I can do." When I asked if there was anyone I could speak to about Ms. Mitchell denying my legal mail he responded "Nobody that I know of."

The denial of my legal work is a Constitutional violation of access to the courts. I am on a strict timeline for the documents which I will likely miss waiting on this grievance.

**YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM!            (OVER)**

I-127 Front (Revised 8/2022)

When I asked Ms Mitchell if she opened the mail/or would open the mail to verify it is legal documents. She replied "No it is legal mail"

( See attached mail denial form )

**Action Requested to Resolve Your Complaint.**

Have the mail room give me my mail more importantly my legal mail in a timely order consistent with USCS Title 39.

Inmate Signature: _[signature]_                    Date: 14 January 2024

**Grievance Response:**

Signature Authority: _____                    Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:    *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent. or physically threatening language. *

☑ 8. The issue presented is not grievable.

☑ 9. Redundant, Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____ Taylor UGI-I

Application of the screening criteria for this grievance is not expected to adversely affect the inmate's health.

Medical Signature Authority:_____

OFFICE USE ONLY

Initial Submission          UGI Initials:_____

Grievance #:_____2024105___083_

Screening Criteria Used:_____(56) 329

Date Recd from Inmate: _____

Date Returned to Inmate: _____

2nd Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Inmate: _____

Date Returned to Inmate: _____

3rd Submission          UGI Initials:_____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Inmate: _____

Date Returned to Inmate: _____

I-127 Back (Revised 8/2022)

1. *Grievance forms are available from the law library, housing area, shift supervisors, or by contacting the unit grievance office.* After completely filling out the form, place it in the grievance box yourself or hand it directly to the grievance investigator on your unit. *Step 2 appeals must be accompanied by the original, answered Step 1.*

2. An attempt to informally resolve your problem must be made before filing a grievance. *Informal resolution is defined as any attempt to solve the issue at hand and must be noted on the Step 1 grievance form (I-127).* You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator (UGI). The Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form to respond. Disciplinary appeals are required to be completed within 30-days. If you are not satisfied with the Step 1 response, you may appeal the Step 1 decision by filing a Step 2 (I-128). You have 15 days from the date returned to offender on the Step I to submit the Step 2 to the grievance investigator on the unit. The Step 2 process may take up to 40 days to provide you a written response or 45 days for medical grievances. *Present only one issue per grievance.*

3. *Additional time* may be required in order to conduct an investigation at either Step 1 or Step 2 and in either case, you will be *notified of the extension in writing.*

4. *Complete your grievance using a typewriter or dark ink. If you need assistance filing a grievance or understanding a response, contact your unit grievance investigator.*

5. *The following issues are grievable through the Offender Grievance Procedure.* Remember that you may only file a grievance on issues that PERSONALLY APPLY TO YOU unless you are reporting a sexual assault, sexual abuse, or sexual contact on behalf of another offender.
   * The interpretation or application of TDCJ policies, rules, regulations, and procedures.
   * The actions of an employee or another offender, including denial of access to the grievance procedure.
   * Any reprisal against you for the good faith use of the grievance procedure or Access to Courts;
   * The loss or damage of authorized offender property possessed by persons in the physical custody of the Agency, for which the Agency or its employees, through negligence, are the proximate cause of any damage or loss.
   * Matters relating to conditions of care or supervision within the authority of the TDCJ, for which a remedy is available.

6. *You may not grieve:*
   * State or federal court decisions, laws and/or regulations;
   * Parole decisions;
   * Time-served credit disputes which should be directed to the Classification and Records, Time Section;
   * Matters for which other appeal mechanisms exist;
   * Any matter beyond the control of the agency to correct.

7. *Established criteria that may be applied to regular grievances, to ensure that the offender has used the grievance program responsibly;* however, most grievances may be corrected and resubmitted within 15 days from the signature date on the returned grievance.
   * Grievable time period has expired. (Step 1 grievances must be submitted within 15 days from the date of incident and Step 2 Appeals must be submitted within 15 days from the date returned to offender on the Step 1.)
   * Submission in excess of 1 every 7 days. (All grievances received in the grievance office will be reviewed; however, only one grievance will be processed every seven days [with the exception of disciplinary appeals, medical grievances, and emergency grievances].)
   * Originals not submitted. (Carbon copies are not considered originals even if they have an original signature. The original answered Step 1 must be submitted with a Step 2 Appeal.)
   * Inappropriate/excessive attachments. (Your grievance must be stated on one form and in the space provided. Attach only official documents that support your claim, such as I-60's, sick call requests, property papers, and other similar items)
   * No documented attempt at informal resolution. (You are required to attempt to resolve issues with a staff member prior to filing a grievance. Remember, the attempt must be documented in the space provided on the I-127 form.)
   * No requested relief is stated. (The specific action required to resolve the complaint must be clearly stated in the space provided.)
   * Malicious use of vulgar, indecent, or physically threatening language directed at an individual.
   * The issue presented is not grievable. (Refer to #6 above.) Disciplinary appeals will not be processed until after the disciplinary hearing.
   * Redundant. (You may not repeatedly grieve matters already addressed in a previous grievance)
   * The text is illegible/incomprehensible. (Write your grievance so that it can be read and understood by anyone.)
   * Inappropriate. (You may not ask for monetary damages or any form of disciplinary action against staff.)

*Do not use a grievance form to comment on the effectiveness and credibility of the grievance procedure; instead, submit a letter or I-60 to the administrator of the Offender Grievance Program.*



| OFFICE USE ONLY |
| --- |
| Grievance #: _____ |
| UGI Recd Date: _____ |
| HQ Recd Date: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID#: _____ |
| Extension Date: _____ |

G

Offender Name: James Brickley     TDCJ # 2289486

Unit: Hughes     Housing Assignment: 18 bldg  S-75

Unit where incident occurred: Hughes

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).     I am dissatisfied with the response at Step 1 because...

I filed a grievance on 14 January 2024 about the mailroom clerk, Ms Mitchell, denying me legal mail. The mail had a return address from the 440th District Court's Clerk. Ms. Mitchell claimed she had a suspicion that the mail was not sent from the court, but refused to open the mail at all to verify the documents inside, claiming that she could not because it was legal mail, although policy does not prevent staff from opening legal mail, unless it is outside the inmates presence. I attempted to informally resolve the issue with no help from the unit major.

The Step-1 grievance was returned as ingrievable because the D.R.C. is the appealable mechanism to appeal denial of legal mail. However, the D.R.C. can only have may mail ordered back to me and has no control over the direction of or reprimand of employees for the denial of access to courts.

Please see the attached Step-1 grievance; Instruction sheet; and Correspondence/Contraband Denial Form, dated 1-11-2024.

Offender Signature: _____ Date: **20 Jan 2024**

Grievance Response:

Signature Authority: _____ Date: _____

Returned because:   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

## OFFICE USE ONLY

Initial Submission          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

   (check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

   (check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission          CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

   (check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                        Appendix G

DATE:     1/22/2024

NAME:     Brickley, James                    *185-15*

TDCJ #:   02289486

UNIT:     AH

Your documents received in this office have been reviewed and a response is indicated below. If you need additional information or assistance, you may contact the Unit Grievance Investigator.

☐ These issues have been reviewed at both steps of the grievance procedure. No other administrative remedies are available to you regarding the issue. Further action by this office is not warranted.

☐ Your Step 1 grievance(s) was properly screened.

☐ This Step 2 appeal cannot be processed without the corresponding original, answered Step 1 grievance.

☒ You may not submit a Step 2 appeal on a Step 1 grievance that was screened using one of the screening criteria and returned to you unprocessed.

Comments:

EXHIBIT B

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
CORRESPONDENCE / CONTRABAND DENIAL FORM

NAME _____  TDCJ-CID# _____  HOUSING _____

UNIT _____  DATE CORRESPONDENCE RECEIVED _____  DATE OFFENDER NOTIFIED _____

CORRESPONDENCE: ☐TO OR ☐FROM

_____

_____

_____

| | |
|---|---|
| 1st Attempt: | / / |
| 2nd Attempt: | / / |
| 3rd Attempt: | / / |

The above correspondence has been denied to you in accordance with BP-03.91, Uniform Offender Correspondence Rules

DENIED: _____

_____

_____

RECEIVED: _____

APPEAL: Should persons outside the institution desire to appeal, submit a written appeal to the Director's Review Committee, PO Box 99, Huntsville, TX 77342-0099. The appeal must reach the DRC WITHIN TWO (2) WEEKS of the notification date listed above.

Does offender wish to appeal the decision? ☐Yes ☐No          DRC Non-Appealable List ☐
                                                              (Offender cannot appeal)

DISPOSITION IS ALLOWED AND MUST BE CHECKED AT THE TIME OF DENIAL, UNLESS SECURITY CONCERNS MANDATE OFFENDER NOT BE GIVEN A CHOICE OF DISPOSITION (BOARD POLICY 03.91):

☐  No Disposition Allowed

☐  Destroy

☐  Send to the following person at the offender's expense: _____
                                                              Name & Address

_____

_____

IF DISPOSITION IS NOT EXECUTED OR LITIGATION/ GRIEVANCE PROCESS HAS NOT BEGUN WITHIN SIXTY (60) DAYS OF THE INITIAL DENIAL OR FROM THE DRC DECISION DATE (IF APPEALED), THE ITEM(S) WILL BE DESTROYED.

_____  _____        _____  _____
Employee Signature          Date                   Offender Signature           Date

UNIT DISPOSITION:  MAILED ☐   DESTROYED ☐   FILED ☐   _____
                                                       Date                 Employee Signature

☐ DRC APPROVED, RETURNED TO OFFENDER _____
                                      Offender Signature              Date

DISTRIBUTION:
Original - Send to the DRC IF THE OFFENDER WISHES TO APPEAL. If not, keep on unit.
Yellow - Offender Copy

I-159 (Rev. 09/16)



# Texas Department of Criminal Justice

185-075B

# STEP 1
## INMATE
## GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Inmate: _____

Inmate Name: _James Brickley_   TDCJ # _2289486_

Unit: _Hughes_   Housing Assignment: _____

Unit where incident occurred: _____

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Warden Miller / Ms. Wright Law Librarian_   When? _11 Jan /and 16 Jan 2024_

What was their response? _"Give to law librarian, Ms. Wright verify its legal mail"_

What action was taken? _Ms. Wright called to the mailroom, but Ms. Mitchell claimed some one else sent the legal mail._

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

-This is said emergency grievance for denial of access to the courts-
On 16 January 2024, I recieved a denial of mail from the 10th Court of Appeals, from the Hughes Unit mailroom. The mail had been opened outside of my presence and verified that the contents were all legal material from the courthouse. However, Ms. Mitchell denied the mail claiming the court claimed they never sent me any mail. The same thing happened on 11 January 2024, where Ms. Mitchell denied me legal mail from the 440th District Court. After grieving the issue, I spoke with Warden Miller requesting him to intervene so that I can get my legal mail. He instructed me to ask the Law Librarian, Ms. Wright, to verify the mail was legal so that I could recieve it from the mailroom. I did that, Ms. Wright called down to the mail room and Ms. Mitchell told her that I had some one else, not the courthouse sending me mail in the Courts name. I told them that the Courts require a party to send an extra copy of documents to be filed along with a self-addressed stamped envelope, in order to recieve a copy of the documents. Ms. Mitchell said that is not TDCJ policy so I am not allowed the legal documents, if that were the case, because that would mean that I am sending myself legal documents and that needs to go to the law library not to the Unit according to the new mail policy. In other words, it doesn't matter that the Courts sent the documents

JAN 2 2 2024

YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

I-127 Front (Revised 8/2022)

Inmate Grievance Operations Manual
Appendix F

or "not", or if it is legal work or not; she will not give me my legal mail because she claims the court did not send her the mail. She also claims to have spoken to a clerk of the court to have verified this. However, when my family called the courts to verify, the clerks claimed on both occasions, never to have received a call from TDCJ. Ms. Mitchell is denying my access to the courts without justification and I have already missed a deadline because of it.

**Action Requested to Resolve Your Complaint.**

Have the mailroom give me my legal mail and in the future stop withholding and denying my legal mail and my access to the courts.

Inmate Signature: _____ Date: Jan 16 2024

Grievance Response:

Signature Authority: _____ Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:   *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☒ 8. The issue presented is not grievable.

☐ 9. Redundant. Refer to grievance #_____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: _Jodi sawyer, UGI-II_ Jodi Sawyer

Application of the screening criteria for this grievance is not expected to adversely affect the inmate's health.

Medical Signature Authority: _____

OFFICE USE ONLY

Initial Submission     UGI Initials: JS

Grievance #: 2024051787

Screening Criteria Used: 8/399

Date Recd from Inmate: JAN 2 7 2024

Date Returned to Inmate: JA 2 2 202

2nd Submission     UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Inmate: _____

Date Returned to Inmate: _____

3rd Submission     UGI Initials: _____

Grievance #: _____

Screening Criteria Used: _____

Date Recd from Inmate: _____

Date Returned to Inmate: _____

1. *Grievance forms are available from the law library, housing area, shift supervisors, or by contacting the unit grievance office.* After completely filling out the form, place it in the grievance box yourself or hand it directly to the grievance investigator on your unit. *Step 2 appeals must be accompanied by the original, answered Step 1.*

2. An attempt to informally resolve your problem must be made before filing a grievance. *Informal resolution* is defined as any attempt to solve the issue at hand and must be noted on the Step 1 grievance form (I-127). You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator (UGI). The Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form to respond. Disciplinary appeals are required to be completed within 30-days. If you are not satisfied with the Step 1 response, you may appeal the Step 1 decision by filing a Step 2 (I-128). You have 15 days from the date returned to offender on the Step 1 to submit the Step 2 to the grievance investigator on the unit. The Step 2 process may take up to 40 days to provide you a written response or 45 days for medical grievances. *Present only one issue per grievance.*

3. *Additional time* may be required in order to conduct an investigation at either Step 1 or Step 2 and in either case: you will be *notified of the extension in writing.*

4. *Complete your grievance using a typewriter or dark ink. If you need assistance filing a grievance or understanding a response contact your unit grievance investigator.*

5. *The following issues are grievable through the Offender Grievance Procedure.* Remember that you may only file a grievance on issues that PERSONALLY APPLY TO YOU unless you are reporting a sexual assault, sexual abuse, or sexual contact on behalf of another offender.
   * The interpretation or application of TDCJ policies, rules, regulations, and procedures.
   * The actions of an employee or another offender, including denial of access to the grievance procedure.
   * Any reprisal against you for the good faith use of the grievance procedure or Access to Courts;
   * The loss or damage of authorized offender property possessed by persons in the physical custody of the Agency, for which the Agency or its employees, through negligence, are the proximate cause of any damage or loss.
   * Matters relating to conditions of care or supervision within the authority of the TDCJ, for which a remedy is available.

6. *You may not grieve:*
   * State or federal court decisions, laws and/or regulations;
   * Parole decisions;
   * Time-served credit disputes which should be directed to the Classification and Records, Time Section;
   * Matters for which other appeal mechanisms exist;
   * Any matter beyond the control of the agency to correct.

7. *Established criteria that may be applied to regular grievances, to ensure that the offender has used the grievance program responsibly;* however, most grievances may be corrected and resubmitted within 15 days from the signature date on the returned grievance.
   * Grievable time period has expired. (Step 1 grievances must be submitted within 15 days from the date of incident and Step 2 Appeals must be submitted within 15 days from the date returned to offender on the Step 1.)
   * Submission in excess of 1 every 7 days. (All grievances received in the grievance office will be reviewed; however, only one grievance will be processed every Seven days [with the exception of disciplinary appeals, medical grievances, and emergency grievances].)
   * Originals not submitted. (Carbon copies are not considered originals even if they have an original signature. The original answered Step 1 must be submitted with a Step 2 Appeal.)
   * Inappropriate/excessive attachments. (Your grievance must be stated on one form and in the space provided. Attach only official documents that support your claim, such as I-60's, sick call requests, property papers, and other similar items)
   * No documented attempt at informal resolution. (You are required to attempt to resolve issues with a staff member prior to filing a grievance. Remember, the attempt must be documented in the space provided on the I-127 form.)
   * No requested relief is stated. (The specific action required to resolve the complaint must be clearly stated in the space provided.)
   * Malicious use of vulgar, indecent, or physically threatening language directed at an individual.
   * The issue presented is not grievable. (Refer to #6 above.) **Disciplinary appeals will not be processed until after the disciplinary hearing.**
   * Redundant. (You may not repeatedly grieve matters already addressed in a previous grievance)
   * The text is illegible/incomprehensible. (Write your grievance so that it can be read and understood by anyone.)
   * Inappropriate. (You may not ask for monetary damages or any form of disciplinary action against staff.)

*Do not use a grievance form to comment on the effectiveness and credibility of the grievance procedure; instead, submit a letter or I-60 to the administrator of the Offender Grievance Program.*



OFFICE USE ONLY

Grievance #: _____

UGI Recd Date: _____

HQ Recd Date: _____

Date Due: _____

Grievance Code: _____

Investigator ID#: _____

Extension Date: _____

Offender Name: _James Brickley_ TDCJ# _2289486_

Unit: _Hughes_ Housing Assignment: _18 bldg S-25_

Unit where incident occurred: _Hughes Unit_

You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.

Give reason for appeal (Be Specific). I am dissatisfied with the response at Step 1 because...

I am dissatisfied because, although I am appealing only the denial of my legal mail, I am also grieving the retalitory actions and denial of access to courts by TDCJ staff in hindering my lawsuit against a staff member for assaulting me and the retalitory actions for grieving the assault.

Due to these actions by TDCJ I have already missed vital deadlines in the case.

Although DRC will decide whether the legal mail should be accepted by the mailroom and issued to me, they will not decide on the willful refusal and denial of access to courts. On the highlighted portion of the Instructions on How to Write and Submit Grievances; the UGI - Jodi Sawyer highlighted #7 "The issue is not grievable. Disciplinary appeals will not be processed until after the disciplinary hearing." - This is not a disciplinary hearing and refering to the decision of the DRC as a disciplinary hearing is simply Cherry Picking to prevent the grievance process from being had in a timely manner according to policy.

Moreover, this grievance is submitted against Ms. Mitchell, the mailroom supervisor, for abuse of her authority to deny my legal mail without justification, hindering my access to courts. The DRC decision will not preclude Ms. Mitchell or any mailroom staff from continuing these actions. (Please refer to grievance # 2024056657) (where the same exact circumstance took place)(See also grievance # 2024043428 where my mail going out was denied.) Attached are the original Step-1 Grievance; the correspondence

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

denial form; and the returned and highlighted response on the Instructions on How to Write and Submit Grievances by the UGI - Jodi Sawyer.

Offender Signature: _____  Date: 27 January 2024

Grievance Response:

Signature Authority: _____  Date: _____

Returned because:    *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

OFFICE USE ONLY

Initial Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Administrative Review and Risk Management
### Inmate Grievance
## NOTICE OF IMPROPERLY SUBMITTED GRIEVANCE

DATE:       1/30/2024

NAME:       Brickley, James

TDCJ #:     2289486

UNIT:       AH

Your documents received in this office have been reviewed and a response is indicated below. If you need additional information or assistance, you may contact the Unit Grievance Investigator.

☐ These issues have been reviewed at both steps of the grievance procedure. No other administrative remedies are available to you regarding the issue. Further action by this office is not warranted.

☐ Your Step 1 grievance(s) was properly screened.

☐ This Step 2 appeal cannot be processed without the corresponding original, answered Step 1 grievance.

☒ You may not submit a Step 2 appeal on a Step 1 grievance that was <u>screened</u> using one of the screening criteria and returned to you unprocessed.

Comments:

EXHIBIT C

On December 28 2023 I received legal mail from my attorney on the same day I placed a response in the mail box. However, my attorney's office has contacted my family inquiring why my mail has not been received by their office. Which brings me to ask why is my mail addressed to my attorney's office being withheld?

This is cumulative of the last two legal mail denials made by MS. Mitchell in the Hughes Unit mail room, which was sent to DRC for appeal.

Name: James Brickley        No: 2289486        Unit: Hughes Unit

Living Quarters: 18 bldg 3-75        Work Assignment: Work 3gd 6

DISPOSITION: (Inmate will not write in this space)

What attorney office are you referring to?

[signature]

☆I-60 (Rev. 11-90)

---

I am requesting a check up on my kidneys, to see if there is any progress with the function please

Name: James Brickley        No: 2289486        Unit: Hughes

Living Quarters: 18 bldg 3-75        Work Assignment: Work 8gd6

DISPOSITION: (Inmate will not write in this space)

SICK CALL
L.P. Crippin RN
02/01/24

FEB 0 1 2024
HC

☆I-60 (Rev. 11-90)

EXHIBIT D



| OFFICE USE ONLY |
| --- |
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Inmate: _____ |

Inmate Name: _James Brickley_ TDCJ # _2289486_

Unit: _Hughes Unit_ Housing Assignment: _12 bldg S-75_

Unit where incident occurred: _Hughes Unit_

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _I-60's sent and no response from DRC_ When? _multiple_

What was their response? _no response_

What action was taken? _none_

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

On 14 January and 16 January 2024 I received denials of legal mail coming from the 440th District Court and the 20th Court of Appeals. I followed up with Step-2 grievances to Huntsville after I was denied the grievance process at the unit level. Although I appealed to the DRC at the initial refusal of legal mail, I was told I could not grieve the denial of legal mail until after an answer from the DRC. It has been over three months since the appeal was made and still no answer or return of the refused legal documents withheld by the mail room.

I have sent several I-60 requests checking on the status of the DRC decision of the appeal but no answer.

The rule denying me the grievance process as highlighted in my initial grievance did not pertain to denial of mail and was only used to stall a remedy.

(Please see the attached unanswered grievances and attached instruction sheet returned by administration, highlighting conflicting reasons why the grievances were not answered.) APR 30 2024

YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

**Action Requested to Resolve Your Complaint.**

*Please release the withheld legal mail to me.*

Inmate Signature: _(signature)_                    Date: 29 April 2024

**Grievance Response:**                                                    APR 30 2024

Signature Authority: _____    Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution. *

☐ 6. No requested relief is stated. *

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☒ 8. The issue presented is not grievable.

☐ 9. Redundant, Refer to grievance # _____

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

UGI Printed Name/Signature: *Jodi Sawyer, UGI-11* _(signature) Jodi Sawyer_

Application of the screening criteria for this grievance is not expected to adversely affect the inmate's health.

Medical Signature Authority: _____

| OFFICE USE ONLY |
|---|
| Initial Submission          UGI Initials: JS |
| Grievance #: 2024097435 |
| Screening Criteria Used: 8/399 |
| Date Recd from Inmate: APR 30 2024 |
| Date Returned to Inmate: APR 30 2024 |
| **2nd Submission**          UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Inmate: _____ |
| Date Returned to Inmate: _____ |
| **3rd Submission**          UGI Initials: _____ |
| Grievance #: _____ |
| Screening Criteria Used: _____ |
| Date Recd from Inmate: _____ |
| Date Returned to Inmate: _____ |

I-127 Back (Revised 8/2022)

1. *Grievance forms are available from the law library, housing area, shift supervisors, or by contacting the unit grievance office. After completely filling out the form, place it in the grievance box yourself or hand it directly to the grievance investigator on your unit. Step 2 appeals must be accompanied by the original, answered Step 1.*

2. An attempt to informally resolve your problem must be made before filing a grievance. *Informal resolution* is defined as any attempt to solve the issue at hand and must be noted on the Step 1 grievance form (I-127). You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator (UGI). The Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form to respond. Disciplinary appeals are required to be completed within 30-days. If you are not satisfied with the Step 1 response, you may appeal the Step 1 decision by filing a Step 2 (I-128). You have 15 days from the date returned to offender on the Step 1 to submit the Step 2 to the grievance investigator on the unit. The Step 2 process may take up to 40 days to provide you a written response or 45 days for medical grievances. *Present only one issue per grievance.*

3. *Additional time may be required in order to conduct an investigation at either Step 1 or Step 2 and in either case, you will be notified of the extension in writing.*

4. *Complete your grievance using a typewriter or dark ink. If you need assistance filing a grievance or understanding a response, contact your unit grievance investigator.*

5. *The following issues are grievable through the Offender Grievance Procedure.* Remember that you may only file a grievance on issues that PERSONALLY APPLY TO YOU unless you are reporting a sexual assault, sexual abuse, or sexual contact on behalf of another offender.
   * The interpretation or application of TDCJ policies, rules, regulations, and procedures.
   * The actions of an employee or another offender, including denial of access to the grievance procedure.
   * Any reprisal against you for the good faith use of the grievance procedure or Access to Courts;
   * The loss or damage of authorized offender property possessed by persons in the physical custody of the Agency, for which the Agency or its employees, through negligence, are the proximate cause of any damage or loss.
   * Matters relating to conditions of care or supervision within the authority of the TDCJ, for which a remedy is available.

6. *You may not grieve:*
   * State or federal court decisions, laws and/or regulations;
   * Parole decisions;
   * Time-served credit disputes which should be directed to the Classification and Records, Time Section;
   * Matters for which other appeal mechanisms exist;
   * Any matter beyond the control of the agency to correct.

7. *Established criteria that may be applied to regular grievances, to ensure that the offender has used the grievance program responsibly; however, most grievances may be corrected and resubmitted within 15 days from the signature date on the returned grievance.*
   * Grievable time period has expired. (Step 1 grievances must be submitted within 15 days from the date of incident and Step 2 Appeals must be submitted within 15 days from the date returned to offender on the Step 1.)
   * Submission in excess of 1 every 7 days. (All grievances received in the grievance office will be reviewed; however, only one grievance will be processed every Seven days [with the exception of disciplinary appeals, medical grievances, and emergency grievances].)
   * Originals not submitted. (Carbon copies are not considered originals even if they have an original signature. The original answered Step 1 must be submitted with a Step 2 Appeal.)
   * Inappropriate/excessive attachments. (Your grievance must be stated on one form and in the space provided. Attach only official documents that support your claim, such as I-60's, sick call requests, property papers, and other similar items)
   * No documented attempt at informal resolution. (You are required to attempt to resolve issues with a staff member prior to filing a grievance. Remember, the attempt must be documented in the space provided on the I-127 form.)
   * No requested relief is stated. (The specific action required to resolve the complaint must be clearly stated in the space provided.)
   * Malicious use of vulgar, indecent, or physically threatening language directed at an individual.
   * The issue presented is not grievable. (Refer to #6 above.) Disciplinary appeals will not be processed until after the disciplinary hearing.
   * Redundant. (You may not repeatedly grieve matters already addressed in a previous grievance)
   * The text is illegible/incomprehensible. (Write your grievance so that it can be read and understood by anyone.)
   * Inappropriate. (You may not ask for monetary damages or any form of disciplinary action against staff.)

*Do not use a grievance form to comment on the effectiveness and credibility of the grievance procedure; instead, submit a letter or I-60 to the administrator of the Offender Grievance Program.*

You will receive a respone back from DRC.

EXHIBIT E

RECEIVED MSGR APR 2021

**SUBJECT:** *State briefly the problem on which you desire assistance.*

What is the Status of the Appeal of denial of correspondences from the Clerk at the South Court of Appeals received on 1-12-24 and the Correspondence from the Clerk at the 440th District Court received on 1-10-24.

Per the grievances submitted and answered, a grievance can not be made until the DRC answers the appeal.

I have not heard back any answer. Since the decision to appeal these denials of correspondences from the courts respectively.

Name: James Brackley

Living Quarters: 18 bldg 8-75

No: 2289486

Unit: Hughes Unit

Work Assignment: Work Sqd 6

**DISPOSITION:** (Inmate will not write in this space)

440th Dist Court
Clerk of 10th Ct of Appeals

OFFICE USE ONLY

Grievance #: _____

Date Received: _____

Date Due: _____

Grievance Code: _____

Investigator ID #: _____

Extension Date: _____

Date Retd to Offender: _____

6/H

Offender Name: James Brickley   TDCJ # 2289486

Unit: Hughes Unit   Housing Assignment: 18 bldg 3-75

Unit where incident occurred: Hughes Unit

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? I-60 to Unit Grievance Officer/MSCP   When? 4-18-24

What was their response? The DRC upheld the decision to withhold the legal mail

What action was taken? Status update

I am grieving the incidents on 1-12-24 and 1-10-24 where the mailroom denied me legal mail from the 440th District Court (1-10-24) and the Tenth Court of Appeals (1-12-24).

I was told, on the occasion that I grieved the denial of legal mail, that I had to wait for the D.R.C. review process to appeal the denial of legal mail. However, I was never informed of the D.R.C. decision until after several inquiries. And still the answer was recieved late by trashmail, where only a photocopy of the front of the I-60 was recieved.

On 15 May 2024, I recieved the answer from the status update sent nearly a month prior, signed and answered by the MSCP stating the D.R.C decided to uphold the denial of the legal mail. However, no answer was recieved from the DRC themselves and that is the reason for this delayed step-1 grievance.

Inmates have a Constitutional right to access to the Courts. Mail sent from the Courts concerning an active case is, by definition, access to the Courts. On 1-12-24, the mailroom officer opened and inspected the mail and verified the documents were all legal documents from the Clerk of the Tenth Court of Appeals.

The only reason I could guess she denied the mail is because the legal mail was for a lawsuit against a TDCJ staff member. As complained before. These two occurences were not the first time the mail was denied and of a legal nature. The result of the case was a dismissal for the lack of documents recieved by the Court, apparently

the mail room has prevented my mail from getting to the Courts as well

enc: Copy of the document recieved by the MSCP. (no original recieved by offender) MAY 2 1 2024

**Action Requested to resolve your Complaint.** Return my mail addressed from the Courts, and stop denying my legal mail. No reprisals

**Offender Signature:** _____  **Date:** 20 May 2024

**Grievance Response:**

Signature Authority: _____  Date: _____

If you are dissatisfied with the Step 1 response, you may obtain a Step 2 (_____) in the Unit Grievance Office and return it to the 2nd time within 15 days of the Step 1 response. State the reason for appeal in the Step 2 box.

Required Action:   *Conform this form when the complaint had no merit.

☐ 1. Grievable time period has expired
☐ 2. Submission in excess of 1 every 7 days.
☐ 3. Originals not submitted.
☐ 4. Inappropriate/Excessive attachments.
☐ 5. No documented attempt at informal resolution.
☐ 6. No requested relief is stated.

☑

2024105066
8(399)
MAY 2 1 2024
MAY 2 1 2024

A. Gerfen, UGI-II

1. *Grievance forms are available from the law library, housing area, shift supervisors, or by contacting the unit grievance office. After completely filling out the form, place it in the grievance box yourself or hand it directly to the grievance investigator on your unit. Step 2 appeals must be accompanied by the original, answered Step 1.*

2. An attempt to informally resolve your problem must be made before filing a grievance. *Informal resolution* is defined as any attempt to solve the issue at hand and must be noted on the Step 1 grievance form (I-127). You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator (UGI). The Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form to respond. Disciplinary appeals are required to be completed within 30-days. If you are not satisfied with the Step 1 response, you may appeal the Step 1 decision by filing a Step 2 (I-128). You have 15 days from the date returned to offender on the Step 1 to submit the Step 2 to the grievance investigator on the unit. The Step 2 process may take up to 40 days to provide you a written response or 45 days for medical grievances. *Present only one issue per grievance.*

3. *Additional time* may be required in order to conduct an investigation at either Step 1 or Step 2 and in either case; you will be *notified of the extension in writing.*

4. *Complete your grievance using a typewriter or dark ink. If you need assistance filing a grievance or understanding a response, contact your unit grievance investigator.*

5. *The following issues are grievable through the Offender Grievance Procedure.* Remember that you may only file a grievance on issues that PERSONALLY APPLY TO YOU unless you are reporting a sexual assault, sexual abuse, or sexual contact on behalf of another offender.
   - The interpretation or application of TDCJ policies, rules, regulations, and procedures.
   - The actions of an employee or another offender, including denial of access to the grievance procedure.
   - Any reprisal against you for the good faith use of the grievance procedure or Access to Courts;
   - The loss or damage of authorized offender property possessed by persons in the physical custody of the Agency, for which the Agency or its employees, through negligence, are the proximate cause of any damage or loss.
   - Matters relating to conditions of care or supervision within the authority of the TDCJ, for which a remedy is available.

6. *You may not grieve:*
   - State or federal court decisions, laws and/or regulations;
   - Parole decisions;
   - Time-served credit disputes which should be directed to the Classification and Records, Time Section;
   - Matters for which other appeal mechanisms exist;
   - Any matter beyond the control of the agency to correct.

7. *Established criteria that may be applied to regular grievances, to ensure that the offender has used the grievance program responsibly;* however, most grievances may be corrected and resubmitted within 15 days from the signature date on the returned grievance.
   - Grievable time period has expired. (Step 1 grievances must be submitted within 15 days from the date of incident and Step 2 Appeals must be submitted within 15 days from the date returned to offender on the Step 1.)
   - Submission in excess of 1 every 7 days. (All grievances received in the grievance office will be reviewed; however, only one grievance will be processed every seven days [with the exception of disciplinary appeals, medical grievances, and emergency grievances].)
   - Originals not submitted. (Carbon copies are not considered originals even if they have an original signature. The original answered Step 1 must be submitted with a Step 2 Appeal.)
   - Inappropriate/excessive attachments. (Your grievance must be stated on one form and in the space provided. Attach only official documents that support your claim, such as I-60's, sick call requests, property papers, and other similar items)
   - No documented attempt at informal resolution. (You are required to attempt to resolve issues with a staff member prior to filing a grievance. Remember, the attempt must be documented in the space provided on the I-127 form.)
   - No requested relief is stated. (The specific action required to resolve the complaint must be clearly stated in the space provided.)
   - Malicious use of vulgar, indecent, or physically threatening language directed at an individual.
   - The issue presented is not grievable. (Refer to #6 above.) Disciplinary appeals will not be processed until after the disciplinary hearing.
   - Redundant. (You may not repeatedly grieve matters already addressed in a previous grievance)
   - The text is illegible/incomprehensible. (Write your grievance so that it can be read and understood by anyone.)
   - Inappropriate. (You may not ask for monetary damages or any form of disciplinary action against staff.)

*Do not use a grievance form to comment on the effectiveness and credibility of the grievance procedure; instead, submit a letter or I-60 to the administrator of the Offender Grievance Program.*



G/H

Inmate Name: James Brickley     TDCJ # 2287486

Unit: Hughes Unit     Housing Assignment: 18 bldg 3-75

Unit where incident occurred: Hughes Unit

OFFICE USE ONLY

Grievance #: _____

UGI Recd Date: _____

HQ Recd Date: _____

Date Due: _____

Grievance Code: _____

Investigator ID#: _____

Extension Date: _____

Date Retd to Inmate: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be specific). *I am dissatisfied with the response at Step 1 because...*

✱ — TDCJ officials are abusing the grievance procedure. — ✱
On 1-10-24 and 1-12-24 I grieved the denial of my legal mail by the Hughes Unit mailroom. The mailings addressed from the 440th District Court and the Tenth Court of Appeals at Waco, concerning an open case against a TDCJ official for assaulting me. After a Step 1 grievance in Jan-ing for each incident I was informed by a highlighted page titled "Instructions on How to Write and Submit Grievances" that there were other appeal mechanisms available and that the issue was not grievable. I filed a Step 2 which went unprocessed for both incidents. I was told by mailroom staff that the appeal to the DRC was the appeal mechanism available. However, the DRC has never sent me a response concerning the denial of either incident of denied mail. I patiently waited for a response and filed several I-60's requesting a status on the DRC decision. On 15 May I recieved a copy of the front portion of an I-60 requesting the status which was stamped recieved Apr 24th, claiming the DRC withheld the decision to uphold the denial of my legal mail from the courts. On 20 May, I submitted a subsequent grievance for the denial of my legal mail due to the fact there are no other appeal mechanisms available and that the denial of my legal mail is a violation of TDCJ policy and the constitutional right afforded to each inmate. The subsequent grievance numbered (2024105066) was returned unprocessed claiming the same: Ungrievable; other appeal mechanisms are available. However, there are no other appeal mechanisms available and the interference with my access to courts has cost me my case and cost reasonable State resources. If there

YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM          (OVER)

is a separate appeal process please inform me of what it is because each inquiry I have made to TDCJ staff was answered the same: Grieve it.

enc: Step-1 grievance.
I-60 Status request
How to Instructions on How to Write and Submit Grievances

Inmate Signature: _____ Date: 28 May 2024

Grievance Response:

Signature Authority: _____ Date: _____

Returned because: *Resubmit this form when corrections are made.

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 6. Inappropriate. *

CGO Staff Signature: _____

OFFICE USE ONLY

Initial Submission                     CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____ Screened  ____ Improperly Submitted
Comments: _____
Date Returned to Inmate: _____

2nd Submission                          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____ Screened  ____ Improperly Submitted
Comments: _____
Date Returned to Inmate: _____

3rd Submission                          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ____ Screened  ____ Improperly Submitted
Comments: _____
Date Returned to Inmate: _____

I-128 Back (Revised 8/2022)

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Administrative Review and Risk Management
### Inmate Grievance
## NOTICE OF IMPROPERLY SUBMITTED GRIEVANCE

---

DATE:     5/31/2024

NAME:     Brickley, James                    185-75

TDCJ #:   2289486

UNIT:     AH

---

Your documents received in this office have been reviewed and a response is indicated below. If you need additional information or assistance, you may contact the Unit Grievance Investigator.

☐ These issues have been reviewed at both steps of the grievance procedure. No other administrative remedies are available to you regarding the issue. Further action by this office is not warranted.

☐ Your Step 1 grievance(s) was properly screened.

☐ This Step 2 appeal cannot be processed without the corresponding original, answered Step 1 grievance.

☐ You may not submit a Step 2 appeal on a Step 1 grievance that was screened using one of the screening criteria and returned to you unprocessed.

Comments:

September 2022

EXHIBIT 5

EXHIBIT A

19

## UNSWORN STATEMENT OF JAMES BRICKLEY CONCERNING
## PREVIOUS SUITS, REQUIRED BY TCPRC 14.004

I, James Brickley, have brought previous suits in the courts as an indigent party. The cases, operative facts, and relevant information are as follows:

### BRICKLEY V. REED

Trial Court Case Number: 21DCV328178
Court of Appeals Number: 03-22-00453-CV
Ruling: Dismissed as frivoulous under Rule 91a, having no basis in law and affirmed in the court of appeals on March 7, 2023.

I sued my criminal defense attorney, Justin Elliot Reed, for breach of contract, DTPA violations, breach of fiduciary duty, and legal malpractice. The court determined that there was no arguable basis in law because as a criminally convicted person who had not yet been exonerated, the "Peeler factors" preclude a suit against a criminal defense attorney. This suit was brought in the 146th Judicial District Court in Bell County, Texas; and the decision was affirmed in the Third Court of Appeals at Austin, Texas on March 7, 2023.

### BRICKLEY V. LAMB, ET AL

Civil Action Number: H-22-449
Ruling: This case is still pending in the United States District Court for the Southern District of Texas, Houston Division, Judge Ewing Werlein, Jr. presiding.

I brought this suit for civil rights violations and harm caused resulting in serious bodily injury, failure to provide medical care, and theft of my legal work. The defendants are: Warden Lamb; TDCJ; Warden Richardson; Sergeant Carter; J. Back; Officer Knappen; Alicia Foley; Lt. Chism; N. Hall; "T"; Mail Room Attendant; Tammy Shelby; UTMB Dentist; Major Metcalf; and Khari Mott. The Court is reviewing the case for service of citation.

### BRICKLEY V. USAA BANK, and KEANON NOBBLES

Civil Number: W-22-CV-00869-ADA

Ruling: This case is still pending in the United States District Court, Western District of Texas, Waco Division.

I brought this suit against Keanon Nobbles for the theft of my property and my funds using my debit card while I was incarcerated. I sued USAA Bank for refusal to insure the account and refusal to accept the complaint and reported theft of myaccount by Keanon Nobbles.

## BRICKLEY V. COPPER INVESTIGATIONS & CONSULTING LLC., and RON POTTS

Trial Court Case Number: 22DCV334761
Court of Appeals Number: 03-23-00366

This case was brought in the 426th Judicial District Court in Bell County, Texas against Ronn Potts and his Corporation, who was privately hired to investigate an allegation against me. After he was hired, the defendant was never heard from again accept to ask for more money, disregarding the obligations owed by the contract signed. I sued for Breach of contract and DTPA violations. The trial court decided that the investigator enjoyed immunity from suit under the same "Peeler factors" that insulate an attorney from suit by a convicted person.

This case is now pending in the Third Court of Appeals at Austin, Texas.

This concludes the cases brought by me, required to be sworn to under Chapter 14 of the Texas Civil Practice and Remedies Code.

My name is James Allen Brickley, my date of birth is 04/08/1986, and my inmate identification number is #02289486. I am presently incarcerated at the Alfred Hughes Unit located at 3201 FM 929, Gatesville, Coryelle County, Texas 76597. I declare under penalty of perjury that the facts stated in this document are true and correct to the best of my knowledge.

Executed on _4 November_____,202_3_

X _____
JAMES BRICKLEY
3201 FM 929
Gatesville, Texas 76597

22

To: CLERK OF THE 15TH COURT OF APPEALS
   P O. Box 12852
   AUSTIN, TEXAS 78711

FEBRUARY 8, 2025

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

FEB 2 6 2025

CHRISTOPHER A. PRINE
CLERK

RE: COURT OF APPEALS NO.   15-24-00067-CV
    TRIAL COURT CASE NO.    DC-23-55279

Dear Clerk of court,

I am sending APPELLANT'S MOTION FOR EN BANC RECONSIDERATION and accompany documents attached to this package dated February 8, 2025, along with an extra copy to be FILE STAMPED along with an addressed stamped envelope, that are Postage paid with return address TO BE RETURNED of the following documents: (file stamped) of the case listed above, APPELLANT'S MOTION FOR EN BANC RECONSIDERATION dated February 8 2025  that is asked to be filed in the 15th COURT OF APPEALS, AUSTIN, Texas 78711

Sincerely,

James Allen Brickley
#2289486
3201 FM  929
Gatesville, Texas 76597



**MAILED**
2/20/25

'RMLY TO SEAL

®

## UNITED STATES POSTAL SERVICE.

**P**

US POS

**Retail**

STAGE PAID

$12.65

Origin: 71411
02/20/25
2113781411-12

**PRIORITY MAIL®**

1 Lb 5.60 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 02/24/25

**B009**

SHIP TO:



PO BOX 12852
AUSTIN TX 78711-28: 52

USPS TRACKING® #





9505 5169 4556 50 )51 0711 17



PRIORITY® ★ MAIL ★


UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Julie Blackmon
335 Jim Bell Rd
Campti, LA 71411

TO:
Clerk of the 15th COA
P.O. Box 12852
Austin, Texas
78711

Label 228, March 2016